Peter Strojnik, Esq. – Arizona State Bar No. 006464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BottomLineStocks, a fictitious entity; GLOBAL ENTERTAINMENT ACQUISITION CORP., a Florida Corporation; UNKNOWN DEFENDANTS 1-50,<br><br>Defendants. | NO. 2:08-cv-1327-PHX-NVW<br><br>**RULE 15 MOTION FOR LEAVE TO AMEND COMPLAINT** |

## I. INTRODUCTION

After failure to receive written consent from Defendant Global, Plaintiff seeks leave to amend the Complaint in the above-entitled action pursuant to Federal Rules of Civil Procedure § 15(a)(2). Justice requires adding Adam Harris Pasternack and his wife, Alla Pasternack, as well as Digitalspeed Communications, Inc. because it was discovered on or about December 5, 2008 that they are parties also responsible for broadcasting the fax at issue that violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff also seeks to amend the name of the existing Defendant Global Entertainment to Hydrogenetics, Inc. because Defendant changed its name on August 1, 2008.

-1-

The supporting documents will demonstrate Digitalspeed was the sender of the Fax. The supporting documents will demonstrate and corroborate Plaintiff's evidence that Mr. Pasternack, the sole owner and President of Digitalspeed, has in the past acted under Digitalspeed's corporate shield to broadcast facsimiles. Mrs. Pasternack will be added as Mr. Pasternack's wife pursuant to Arizona Revised Statutes § 25-215(d).

Pursuant to Local Civil Rule 15.1(a), Plaintiff submits the proposed amended pleading with strike-throughs and underlines as Exhibit 1.

## II. STATEMENT OF FACTS

On July 18, 2008, Peter Strojnik, P.C. filed a complaint against Global Entertainment Acquisition Corp. and Bottom Line Stocks, a fictitious entity, for their violation of the TCPA, aiding and abetting, and conspiring to violate the TCPA (Doc. 1) relating to an unsolicited Fax Plaintiff received (Exhibit 2). On November 12, 2008, the Court ordered the parties, *inter alia*, to begin discovery and make initial disclosures (Doc. 9). On December 1, 2008, Plaintiff contacted the SMS/800 National Toll-Free Number Database and discovered the toll-free removal number on the face of the Fax – 1-888-231-6832 ("removal number") - is owned by Qwest Communications International, Inc. (Exhibit 3). On December 2, 2008, Plaintiff subpoenaed Qwest for any and all information relating to the Fax removal number. On December 5, 2008, Qwest confirmed to Plaintiff the removal number was issued to Digitalspeed Communications, Inc. ("Digitalspeed") at the time the Fax was broadcasted (Exhibit 4).

Prior to the issuance of the subpoena to Qwest, Plaintiff was unaware of the identity of the actual sender of the subject facsimile giving rise to the TCPA violation (the "Fax"), but was aware that Global Entertainment retained the fictitious entity Bottom Line Stocks to broadcast the Fax (Strojnik

Declaration, Exhibit 5). It was not until on or about December 5, 2008 that Plaintiff discovered the Fax sender's identity – Digitalspeed and Adam Pasternack (Strojnik Dec.).

Digitalspeed is a corporation organized under the laws of the Commonwealth of Pennsylvania (Delaware Secretary of State, Exhibit 6). Mr. Pasternack represents that he is the President of Digitalspeed (Pasternack Declaration, ¶4, Exhibit 7).

The TCPA and its accompanying regulations have produced stealthy and crafty violators of the federal fax transmission rules. The fax blasters hide their identity by omitting the caller identification on the top of the particular fax and/or not providing any information on the fax that can lead to the identification of the fax blaster. Sometimes, however, the fax blaster identifies itself by placing its telephone number on the bottom of the fax in a meager attempt to comply with TCPA rules and regulations. This number is the removal number, and it purports to allow the caller of said number to remove himself/herself from the fax blaster's "fax list." Invariably, the fax blaster's identity can be targeted by identifying the issuee of the removal number (Strojnik Dec., ¶5). In this case, it was not until December 5, 2008 that Plaintiff identified Digitalspeed as the issuee of the removal number (Strojnik Dec., ¶8-10).

In prior and contemporaneous cases[1], Plaintiff's counsel has conducted extensive research on Mr. Pasternack and Digitalspeed and their involvement in the violation of the TCPA. For example, the research revealed that Digitalspeed was the sender of at least 10 other unsolicited faxes not at issue in this case (Strojnik Dec., ¶10) (Collins Declaration, Other Faxes, Exhibit 8). Mr. Pasternack was the CEO of Faxquest International, Ltd., which is a fax transmission service in Philadelphia that had the

---

[1] Plaintiff's counsel currently represents Consumer Protection Corporation and Peter Strojnik, P.C. in several other TCPA cases in which Digitalspeed and Mr. Pasternack are named defendants. These cases are as follows: *Consumer Protection Corporation v. Medefile International, Inc. et al.*, No. cv-08-1853-PHX-ROS; *Consumer Protection Corporation v. Playbox (US), Inc. et al.*, No. cv-08-2211-PHX-MHM; *Consumer Protection Corporation v. Radisson Hotels Int'l, Inc. et al.*, No. cv-08-2205-PHX-NVW; *Peter Strojnik, P.C. v. Signalife, Inc. et al.*, No. cv-08-1116-PHX-FJM.

same exact office as Digitalspeed (Lexis SmartLinx Doc., Exhibit 9) (YellowPages.com, Exhibit 10). In 2005, the FCC cited Mr. Pasternack, *not Digitalspeed*, for a violation of the TCPA for his broadcasting of unsolicited facsimiles (Exhibit 11).

On August 1, 2008, existing Defendant Global Entertainment effected a name change to Hydrogenetics, Inc. (Exhibit 12).

### III. SUPPORTING LAW

#### A. The Rule 15(a) Standard

FRCP § 15(a)(2) states in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." In deciding a Motion to Amend, the Court is guided by the principle that matters be decided on the merits rather than on technicalities. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded" (quoting FRCP 15(a))). "[A] court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The liberal policy of granting leave to amend is "not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Thus, a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *Id.* (citing *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982).

Since Global Entertainment filed its Answer (Doc. 8) and Defendant has not provided written consent after Plaintiff's request, Plaintiff is left to seek leave from the Court to amend the Complaint.

1. **Justice Requires Adding Digitalspeed Because Of Its Identity As The Sender Of The Fax.**

Plaintiff proposes to add the following allegations to the First Amended Complaint relating to Digitalspeed's violation of the TCPA, aiding and abetting, and conspiring to violate the TCPA.

    1) Digitalspeed Communications, Inc. ("Digitalspeed") is a Pennsylvania Corporation.

    2) On information, Digitalspeed was the sender of the Unsolicited Fax.

    3) The removal number on the Unsolicited Fax has been issued to Digitalspeed.

Incorporating the existing allegations in the Complaint, the foregoing allegations would state a cause of action against Digitalspeed.

### 2. Justice Requires Adding Mr. Pasternack Because Of His FCC Citation.

Plaintiff proposes to add the following allegations to the Second Amended Complaint relating to Mr. Pasternack's violation of the TCPA, aiding and abetting, and conspiring to violate the TCPA.

    1) Adam Harris Pasternack a/k/a Adam Harris ("Defendant Pasternack") is an individual residing in the Commonwealth of Pennsylvania.

    2) Defendant Pasternack is the sole owner and President of Digtalspeed and has been the sole owner and President of Digitalspeed since its incorporation in 2003.

    3) Defendant Pasternack has been cited by the Federal Communications Commission in the past for the broadcasting of unsolicited facsimiles, to wit: FCC Complaint Number EB-05-TC-020.

    4) Defendant Pasternack was cited by the FCC in 2005 when he was the sole owner and President of Digitalspeed.

    5) Digitalspeed is the alter ego of Defendant Pasternack.

    6) On information, Defendant Pasternack was the sender of the Fax.

Incorporating the existing allegations in the Complaint, the foregoing allegations would state a cause of action against Mr. Pasternack not only as an individual acting on his own behalf, but also as an individual acting under the corporate shield. The alter ego allegation is supported by the fact that although Digitalspeed appears to be the sender, it was Mr. Pasternack, *not Digitalspeed*, who was cited by the FCC for violating the TCPA at a time when Mr. Pasternack was the sole owner of Digitalspeed. This demonstrates that Mr. Pasternack may be acting underneath Digitalspeed's shield. The phrase "on information" precedes "sender of the fax" because only extensive discovery will positively demonstrate whether Mr. Pasternack was acting underneath Digitalspeed's corporate shield at the time he sent the Fax, or whether it was in fact Digitalspeed who sent the Fax.

### 3. Justice Requires Adding Mrs. Pasternack As A Spouse.

Plaintiff proposes to add the following allegations to the Second Amended Complaint relating to Mrs. Pasternack.

> 1) Alla Pasternack is an individual residing in the Commonwealth of Pennsylvania and is the wife of Defendant Adam Pasternack.

Plaintiff does not suggest Mrs. Pasternack was acting as a violator of the TCPA. Rather, Plaintiff proposes to add Mrs. Pasternack in her capacity as Mr. Pasternack's spouse pursuant to Arizona Revised Statutes § 25-215(d) ("In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.").

### 4. Justice Requires Changing Existing Defendant Global Entertainment to Hydrogenetics, Inc.

Due to the fact that Global Entertainment Acquisition Corp changed its name to Hydrogenetics, Inc. on August 1, 2008, justice would require amending the name of Global Entertainment to Hydrogenetics, Inc.

### i.  Other Minor Additions.

Furthermore, so that there is no confusion by Defendants and potential Defendants due to the proposed addition of new parties, Plaintiff is adding "Against All Defendants" under each Count of the Complaint. Plaintiff also proposes to replace the Exhibit 1 Fax in the Original Complaint with the full copy. The Fax attached to the original complaint had the bottom portion cut off, which is the portion that contains the subject removal number.

### B. Plaintiff Did Not Cause Any Undue Delay in This Proceeding

This case is only 5 ½ months old. Plaintiff could not target the identity of the sender of the Fax until it was granted leave to conduct discovery and issue the subpoena on Qwest. Normally, investigators can target the sender's identity, but that was not the case here. Once Plaintiff did identify Digitalspeed and Mr. Pasternack, it confirmed research and these potential defendants and requested written consent from Global Entertainment. Since Global failed to give written consent, Plaintiff promptly submitted this Motion. Plaintiff has been diligent and prompt.

RESPECTFULLY SUBMITTED this 8th day of January, 2009.

**LAW FIRM OF PETER STROJNIK**

Peter Strojnik
Attorney for the Plaintiff