**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Strojnik AZBN 006464
strojnik@aol.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BottomLineStocks, a fictitious entity; HYDROGENETICS, INC. f/k/a GLOBAL ENTERTAINMENT ACQUISITION CORP., a Florida Corporation,<br><br>Defendants. | NO. 2:08-cv-1327-PHX-NVW<br><br>**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY CLERK AND FOR COSTS**<br><br>(HYDROGENETICS, INC.) |

### I. REQUEST FOR DEFAULT

PLAINTIFF HEREBY REQUESTS the Clerk of the Court to enter the Default Judgment of Defendant Hydrogenetics, Inc. in the matter above styled. Plaintiff also requests costs in the sum of $350.00. Plaintiff obtained the Default of Defendant on April 21, 2009. *See*, Doc. 26. Plaintiff is statutory damages of $1,500.00 and punitive damages for the sum certain of $5,000,000.00 plus costs of $350.00. *See*, Declaration of Counsel (**Exhibit 1**).

### II. APPLICABLE FACTUAL BACKGROUND AND LAW

Rule 55(b)(1) of the Federal Rules of Civil Procedure states:

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or an incompetent person.

A "default functions as their admission of the complaint's well-pleaded allegations of fact. *Bertram Music Co. v. SC.GS & Co., LLC*, No. CIV 08-01099-PHX-MEA (D.Ariz. 09/03/2008); *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

**Plaintiff's Statutory Damages**

The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq provides for damages in the sum of $500 "for each such violation" of the Act. Id at § 227(b)(3)(B). Treble damages are permitted where "defendant willfully or knowingly violated this subsection." Id.

Here, Plaintiff pled that Defendant violated the Act by sending the subject facsimile in violation of the Act. *See*, Doc. 20 at ¶¶36-40. Plaintiff further requested treble damages for the sum of $1,500. Id. at ¶58(d). Therefore, since Defendant defaulted and therefore admitted the allegations, Plaintiff is entitled to $1,500.

**Plaintiff's Punitive Damages**

Plaintiff requested punitive damages in an amount of "in no event less than $5,000,000.00." Id. at ¶58(g). Therefore, Plaintiff requests punitive damages for the sum of $5,000,000.00.

**Plaintiff's Costs**

Plaintiff's sole cost in this matter is the filing fee for the Complaint in the sum of $350.00. *See*, Statement of Costs (**Exhibit 2**).

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests $1,500.00 in compensatory damages, $500.00 in costs, and an award in punitive damages in the amount of $5,000,000.00. Therefore, Plaintiff requests $5,001,850.00. A proposed form of Clerk's Judgment is attached hereto as **Exhibit 3**.

RESPECTFULLY SUBMITTED this 9th Day of July, 2009.

THE LAW FIRM OF PETER STROJNIK



By:_____
Peter Kristofer Strojnik
Attorney for Plaintiff