**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BottomLineStocks, a fictitious entity et al., <br><br> Defendants. | NO. 2:08-cv-1327 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES** |

Plaintiff Peter Strojnik, P.C. hereby submits this Memorandum of Law as ordered by this Court in support of its request to assess punitive damages against Defendant Hydrogenetics, Inc.

### I. INTRODUCTION

On July 10, 2009, this Court issued an Order to Plaintiff to submit a Memorandum of Law demonstrating why it should be entitled to punitive damages. Plaintiff interpreted the Court's Order to demonstrate why punitive damages should be assessed because Plaintiff also seeks statutory treble damages. Therefore, Plaintiff shall limit its Memorandum to the following issue: **Whether Plaintiff is entitled to punitive damages in a TCPA matter where it also**

**seeks treble damages under the statute**. Of course, the issue is whether the treble damages constitute punitive damages under the Act. The answer is no, and Plaintiff herein is entitled to punitive damages as the TCPA has been interpreted as a compensatory statute, not punitive.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed its original complaint against Defendant Global Entertainment on July 18, 2008 alleging Defendant broadcasted unsolicited facsimiles in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* (Doc. 1). After Defendant changed its name to Hydrogenetics, Inc., Plaintiff petitioned for and received leave to amend the Complaint to change the name of the defendant to Hydrogenetics; as of January 29, 2009, Defendant Hydrogenetics was deemed served by this Court. (Docs. 12-13, 19). Defendant never filed an Answer to the First Amended Complaint or otherwise defended. Consequently, Plaintiff applied for entry of Default on April 13, 2009, which was granted on April 21, 2009 (Docs. 25-26). On July 9, 2009, Plaintiff moved for Default Judgment against Defendant, in which Plaintiff seeks statutory and treble damages, and punitive damages for the sum of $5,000,000.00. (Doc. 28). The following day, the Court issued an order compelling Plaintiff to submit a Memorandum of Law as to why it is entitled to punitive damages. (Doc. 29). The Court's Doc. 29 Order stated as follows: "The request does not establish any authority for assessment of punitive damages **in light of statutory treble damages available**." (Emphasis Supplied).

## III.  MEMORANDUM OF LAW

**A. The Telephone Consumer Protection Act**

The relevant portion of 47 U.S.C. § 227 states:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.  If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

*Id*. at § 227(b)(3).

### B.  The TCPA is a Compensatory Statute

"The TCPA provides for $500 statutory damages and for treble damages for willful or knowing conduct, 47 U.S.C. 227(b)(3), which is an indication that the statutory damages were not designed to be punitive damages." *Penzer v. Transportation Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008).  Other courts have confirmed that the TCPA's statutory damages are not punitive damages. *See, e.g.*, *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005) ("It is clear that the fixed amount [of the TCPA] serves more than purely punitive or deterrent goals, [but instead provides] an incentive for private parties to enforce the Act."); *Terra Nova Ins. Co. v. Fray-Witzer*, 869 N.E.2d 565, 576 (Mass. 2007) (TCPA statutory damages are not punitive but rather are intended to "liquidate uncertain actual damages and to encourage victims to bring suit").

It is clear that the statutory compensatory and treble damages were made to encourage private plaintiffs to enforce the TCPA and to liquidate the uncertain loss sums a plaintiff incurs

as a result of the wrongful fax. The case law is clear that the TCPA damages are not punitive in nature, and in light of the TCPA's classification as a tort because of its intent to redress wrongs caused by an invasion of privacy, Plaintiff is entitled to punitive damages for the sum of $5,000,000 as Defendant admitted the allegations of the complaint by failing to defend.

## IV.  CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests the Court to assess punitive damages for the sum of $5,000,000 as requested in its Motion for Entry of Default Judgment.

RESPECTFULLY SUBMITTED this 24th Day of July, 2009.

THE LAW FIRM OF PETER STROJNIK

_____
Peter Kristofer Strojnik
Attorney for Plaintiff